## HENRY C. SNYDER v. THE MERCHANTS' INSURANCE COMPANY OF NEWARK.

A count in a declaration set forth that the defendant promised to pay and the plaintiff agreed to accept a sum of money in consideration of a settlement of a claim that plaintiff had against defendant. *Held,* on demurrer, that no cause of action was stated.

On demurrer to declaration.

· Argued at February Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the demurrant, *Edward M. Colie.*

For the plaintiff, *Irwin W. Schultz.*

The opinion of the court was delivered by

GARRISON, J.    This is a demurrer to the first count in the plaintiff's declaration.

This count, stripped of merely formal words, is: That the defendant " promised forthwith and without notice or demand, to pay, and the said plaintiff, at the special instance and re-- quest of the defendant, agreed to accept *a sum of money,* to wit, the sum of four hundred and eighty dollars, in considera-- tion of a settlement of a claim that said plaintiff had against said defendant."

The count then sets forth that the defendant, by reason of the aforesaid promise, became liable to pay the said sum with-- out notice or demand; that the defendant has not paid the said sum, and that an action thereby hath accrued.

The count is bad.    The promise of the defendant is with-- out consideration.    The "settlement" said to be the consid-- eration does not extinguish a prior cause of action, if any such existed; it deprives the promisee of nothing and is of no avail to the promisor.    Even such promise as there was is- not the basis of the plaintiff's suit, for his agreement was to accept a sum of money, not a promise to pay such sum.

Declarations defective in like respects are illustrated in the cases of *Conover* v. *Stillwell,* 5 *Vroom* 54 ; *Union Locomotive and Express Co.* v. *Erie Railway Co.,* 8 *Id.* 23 ; *Farmers' Bank* v. *Blair,* 44 *Barb.* 641 ; *Cabot* v. *Haskins,* 3 *Pick.* 83 ;. *American notes* to 3 *White & Tudor's Lead. Cas. Eq.* (5th *Am. ed.*) 406, case Stapleton *v.* Stapleton.

In the. case in hand a notice annexed to the narr. restates the

action as being based upon a settlement of a loss on a fire policy. This cannot be noticed upon demurrer. *Harrison* v. *Vreeland*, 9 *Vroom* 366.

It serves, however, as a concrete illustration of the inadequacy of this style of pleading.

The demurrer is sustained, with costs.