IDA CHESHANSKY, RESPONDENT, v. MERCHANTS' FIRE
INSURANCE COMPANY, APPELLANT.

IDA CHESHANSKY, RESPONDENT, v. SCOTTISH UNION
AND NATIONAL INSURANCE COMPANY, A CORPORA-
TION, APPELLANT.

IDA CHESHANSKY, RESPONDENT, v. GLOBE AND RUT-
GERS FIRE INSURANCE COMPANY, A CORPORATION,
APPELLANT.

Submitted October 30, 1925—Decided February 1, 1926.

An agent formally designated in writing by an insurance company
and intrusted with policies of insurance in blank to be issued
upon the application of persons seeking insurance is clothed with
apparent authority to waive any condition of the policy whether
precedent or subsequent, notwithstanding a provision of the
policy that "in any matter relating to this insurance no person
unless duly authorized in writing shall be deemed the agent
of this company." *Snyder* v. *Insurance Co.*, 59 *N. J. L.* 544,
applied.

On appeal from the Supreme Court.

For the appellants, *Thomas L. Hanson* (*Joseph T. Lieb-
lich,* of counsel).

For the respondent, *William Harris.*

The opinion of the court was delivered by

LLOYD, J.    These cases, though independent actions as
originally instituted, involved the same questions of law and
fact and were, by consent, tried together at the Middlesex
Circuit before Judge Daly and a jury.    The actions were to
recover the loss occasioned by the burning of store fixtures
and stock of merchandise at Cheesequake, New Jersey, on
which the appellants had placed insurance, and resulted in
verdicts for the plaintiff against each company for the pro-

portionate loss.   For purposes of appeal the cases were consolidated and the judgments are here for review in one record.

There are eleven grounds of appeal, most of which this court cannot consider because of their insufficiency to present any question for determination.   Of these, No. 3 is fairly typical.   It reads: "The court erred in admitting testimony of plaintiff's conversation with one Nathan Goldberger, and relating said conversation subsequently with Mr. Hibbard."

Nothing concrete is before us for consideration.   It should not be necessary to reiterate the necessity of bringing to the attention of this court the precise question presented in the record or in the ruling of the trial court, which it is sought to have reviewed.   The office of grounds of appeal is to bring before the appellate court the parts of the record or the court ruling complained of.   It is not sufficient that an interpretation of them be given as is here attempted.   Such interpretation may or may not be the correct one, but whether correct or otherwise the court below and counsel are entitled to have the review on the record as it exists and not as counsel may construe it to be.   As stated by Mr. Justice Kalisch, in *Kanouse* v. *Donlonia, 94 N. J. L.* 516, it is "the duty of counsel to point out in the ground of appeal the specific testimony which it is alleged was illegally admitted over objection in order to have the same considered."   Nor is this all.   The burden imposed on the members of this court in examining each year the records and briefs in hundreds of cases, and a like burden imposed on the members of the Supreme Court in examining records and briefs in hundreds more in that tribunal, coupled with other duties, makes it imperative that counsel give every assistance in facilitating this work by pointing out the exact ruling complained of and where in the record it may be found if the constantly increasing volume of business in the appellate courts is to be cared for with the expedition that has heretofore prevailed.

As we find them, all the grounds of appeal must, therefore, be disregarded except Nos. 2, 8, 9 and 11, which read as follows:

2. The court erred in refusing to strike out the alleged statement made by Mr. Hibbard, "go to a lawyer and give him

the case to sue, because the company refuses to absolutely pay," because Mr. Hibbard is not an agent authorized to act for the defendant in this respect.

8. The court erred in failing to grant defendant's motion for nonsuit upon the ground that there had been no proof adduced to the compliance with, or the waiver of, the appraisal covenant of an insurance policy.

9. The court erred in refusal to direct a verdict for the defendants upon the ground of the failure to consummate the appraisal, the failure to furnish a satisfactory proof of loss and the failure to prove a specific monetary damage sustained.

11. The court erred in his charge to the jury wherein the court stated, "from all the facts and circumstances in the case you have right to say, from the evidence, if you so find that he was an authorized spokesman for the company in the matter in the adjustment of this fire in a general way afterwards."

To properly dispose of the grounds correctly brought before us a short statement of the facts is essential. The fire occurred on May 2d, 1922, and on the following morning notice of the fire was given a Mr. Hibbard, of Conard & Company, agent of the companies and the firm that had issued the policies. Hibbard told the insured not to worry; that the company would settle everything. Four days later she saw Hibbard again and was told that she should "make out a list," which she did, and the list was shown to Hibbard. She then, at Hibbard's direction, had it typewritten and a copy was given to him. This paper purports to be a list of articles and merchandise consumed in the fire and the prices. The assured made repeated calls on the agent and was told upon each occasion that the company was going to settle. At the end of three months she again called upon Hibbard and was told that she "should go to a lawyer and give him the case to sue, because the company refused absolutely to pay." More formal proofs of loss were furnished through counsel of the assured. Such were the facts the jury might find from the proofs. Later, the claims not being paid, suits were instituted. At the trial the contents of the written statement of burned articles and their value were duly proved.

The statement by Hibbard that she should go to a lawyer and bring suit was a clear refusal to pay, and constituted a waiver of the appraisal covenant and of further proofs of loss. It informed the assured that do what she might her claims would not be recognized.

As to the authority of Hibbard to speak for the companies, we think the evidence was sufficient. Whether the firm of Conard & Company was the general agent of the companies, or simply the agent to whom was entrusted policies in blank, to be issued to those seeking insurance, it had apparent authority in dealing with the insured after the fire to waive further performance of the conditions of the policies. In *Snyder* v. *Insurance Co.,* 59 *N. J. L.* 544 (at *p.* 547), Mr. Justice Depue, in speaking for this court, approved a charge to the jury that "an agent entrusted with policies of insurance in blank, and authorized to issue them upon the application of parties seeking insurance, is clearly clothed with apparent authority, to bind the company in reference to any condition of the contract, whether precedent or subsequent, and may waive notice of proofs of loss, and may bind the company by his admissions in respect thereto."

The provision of the policy upon which the appellants rely to exclude the statements testified to have been made by Hibbard reads as follows: "In any matter relating to this insurance, no person, unless duly authorized in writing, shall be deemed the agent of this company." Conard & Company were the agents of the company, exemplified in writing. Thus far there was strict compliance with the foregoing provision. The scope of the agency thereby created to those dealing with the insurer is that which is apparent in the course of dealing in handling the company's business. The evidence discloses that Conard & Company dealt with its principal's business precisely as did the agent in the case of *Snyder* v. *Insurance Co., supra,* and, hence, the rule there laid down is applicable here.

The cases were therefore for the jury under the proofs, and no error was committed in refusing the motion for nonsuit or the motion to direct a verdict in favor of the de-

fendants, and from what has been said it is clear that the refusal to strike out the testimony concerning the statements of Hibbard was proper, as was also the charge of the court that the jury might find from all the facts and circumstances and the evidence that Hibbard was the authorized spokesman for the companies in the adjustment of the loss after the fire.

The judgments are affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 16.

*For reversal*—None.