RECORD HOLDING COMPANY, RESPONDENT, v. NEW YORK FIRE INSURANCE COMPANY, APPELLANT.

Argued May 1, 1934—Decided August 16, 1934.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Lionel P. Kristeller* (*Jacob L. Newman* and *Saul J. Zucker,* on the brief).

For the respondent, *Simon L. Frisch.*

The opinion of the court was delivered by

LLOYD, J. This is a fire insurance case in which the plaintiff recovered a judgment for $500 in the Second District

Court of Newark. From this judgment the defendant appeals.

A number of questions are raised in the appellant's brief, none of which do we think important except the one dealing with the failure to give immediate written notice of the fire as required by the terms of the policy. As to this there was a failure. What happened, according to the testimony both of Gelman, president of the plaintiff company, and Semel, the defendant's agent, was that Gelman verbally notified Semel of the fire, and that Semel in turn undertook to send a letter to the company, the latter testifying that a girl in his office was directed to write a letter reporting the fire. Whether she did write it and what she wrote does not appear. He dictated a letter but could not say whether it was mailed or stamped or even directed. After dictating the letter he seems to have given it no further attention and the girl herself was not called. This clearly was not compliance with the requirement of the company that written notice be given of the fire.

Respondent contends, however, that there was a waiver of strict compliance when Semel accepted verbal notice on behalf of his company and proceeded to act upon it by communicating with his principal. We think this contention is sound and that there was a waiver of any further requirement from the company as to notice. This waiver the agent could give. *Snyder* v. *Merchants Insurance Co.,* 59 *N. J. L.* 69; 34 *Atl. Rep.* 945; *Cheshansky* v. *Merchants Fire Insurance Co.,* 102 *N. J. L.* 414; 131 *Atl. Rep.* 910.

It is next urged that the court erred in admitting in evidence a letter written by the plaintiff sixteen days after the fire. It was not contended that this letter proved notice, nor was it offered for that purpose. It was competent, however, as being correspondence between the parties on the subject-matter.

The next point made is that the court erred in refusing to nonsuit. This is covered by the first question, and the fourth is substantially the same.

Another point is that there was error in failing to specifically find that the plaintiff could only recover five-sixths of his total damage in view of the fact that there was an additional policy on the property in another company for $1,000 and that the policy sued on had the proportional loss provision. This would appear to have been entirely cleared up at the beginning of the case. Plaintiff's counsel admitted that there was another policy and that all that could be recovered from the appellant was five-sixths of the amount of the loss, which it was claimed aggregated more than $800, and judgment was asked for but $500, the excess being waived. The proofs conformed to this and there was no error harmful to the appellant in that the court failed to mention the proportional feature of the policy because under the proofs by no possibility could the plaintiff recover more than such a proportion in view of his waiver of any sum beyond the jurisdiction of the court.

The judgment is affirmed, with costs.