Adam Hat Stores, Inc., Appellant, *v.* Lefco et al.

Argued January 8, 1935.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Simon Pearl,* with him *Henry Arronson,* for appellant.

*Earl Jay Gratz,* for appellees.

PER CURIAM, February 4, 1935:

Plaintiff appeals from the action of the court below making absolute a rule to show cause why the entry of a discontinuance of this case should not be stricken from the record.

Plaintiff's bill seeks to enjoin the defendant's using trade names similar to those in use by him. A motion for a preliminary injunction was heard by the court; defendant being called as on cross-examination testified at considerable length and was required by subpœna to produce records and documentary evidence. At the conclusion of the hearing, plaintiff withdrew its motion for a preliminary injunction and the case was continued to proceed to final hearing, defendant giving notice in open court that he would oppose a discontinuance. The following day, however, without leave of court and without notice to defendant, plaintiff caused a discontinuance to be entered as a matter of course by the prothonotary of the common pleas. On learning of this action, defendant obtained a rule from the court to strike off the discontinuance, which rule was subsequently made absolute in an opinion which states the reason for so doing.

Appellant contends this case is governed by Rule 14, Supreme Court Equity Rules, which provides that "Any party may discontinue his suit, as of course, so far as re-

lates to his claim . . ., at any time prior to the trial; and thereafter, before findings of fact and law have been made and filed of record, by leave of court on cause shown, upon payment of such costs as the court may direct." However, plaintiff's right to discontinue is not absolute but rests within the sound discretion of the court. "While a discontinuance is ordinarily entered without leave of court actually obtained, it is none the less presumed to be entered by such leave, and will be stricken off in all cases where it would be inequitable to permit it to remain": Shapiro v. Phila. et al., 306 Pa. 216, 220-21; Cross's Est., 309 Pa. 418, 421-2. An examination of the record in the present case shows no abuse of discretion.

The order of the court below is affirmed, costs to await the final outcome of the proceedings.