Astrin, Appellant, *v.* Metropolitan Life Insurance Company.

Argued January 8, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Arthur S. Arnold*, with him *Harry Norman Ball*, for appellant.

*Owen B. Rhoads*, with him *Francis L. Van Dusen*, *Dechert, Smith & Clark* and *Harry Cole Bates*, for appellee.

OPINION BY MR. JUSTICE LINN, January 31, 1941:

The plaintiff sued for $7,269.50, of which $5,000.00, at the rate of $50.00 per month from April 1, 1926, to November 15, 1934, was claimed as insurance against

total and permanent disability, and $2,269.50, the amount of premiums alleged to have been "wrongfully received" by the insurer from June 18, 1926, to December 18, 1934. The policy was issued at Bayonne, N. J., December 8, 1923, and, inter alia, provided "that if . . . the Company receives due proof that the Insured, as the result of injury or disease occurring and originating after the issuance of the Policy, has become totally and permanently disabled so as to be unable at any time to perform any work or engage in any business for compensation or profit, the Company will allow the following benefits: "(a) . . . the Company, commencing with the anniversary of the Policy next following receipt of such proof, will waive payment of each premium becoming due during such disability, and, in addition, commencing six months from the receipt of such proof, will pay each month . . . a Monthly Annuity . . ." of $50.00 on this policy.

In its affidavit of defense, defendant denied plaintiff's averments of total and permanent disability and set forth that from the time the policy was delivered "Plaintiff did not suffer from any serious disease or ailment during the period from the issuance of the Policy of Insurance in 1923 to and through October 20th of 1930; that Plaintiff, on October 20th, 1930, certified to Defendant that he was in sound health on said date; that he had not had any illness or injury since December 18th, 1923, . . ." Defendant also averred that plaintiff "was able to perform and did actually perform work and engaged in a business for compensation or profit from and after April 1st, 1926; that he was so engaged in business for compensation or profit up until and through August 12th, 1934." It was also averred that on or about November 15, 1934, plaintiff became totally and permanently disabled within the meaning of the policy and had since made proof of facts which brought him within the provision entitling him to the payment of $50.00 per month and to the abatement of premium pay-

ments and that defendant had since that time abated the premium and had been paying to the plaintiff the amount due. Defendant denied that due proof of disability was received prior to that date.

Important issues for trial, therefore, were whether, in or about May, 1926, the plaintiff became totally and permanently disabled within the meaning of the policy and whether he sufficiently complied with, or was relieved from further compliance with, the requirement of due proof of that fact.

·After hearing the evidence offered by plaintiff to show that he made proof of total and permanent disability in 1926, the learned trial judge ruled that the evidence was not sufficient to support a finding of that fact, and, after counsel stated he had no additional evidence on that issue, declined to hear the evidence on other issues and directed a verdict for the defendant for want of evidence establishing‛ the condition precedent to recovery.

The decision of the case does not require an attempt to define what the parties meant by "due proof." We need only consider what the evidence shows that plaintiff did, or caused to be done, to advise the defendant that the conditions had arisen in which he would be entitled to receive the disability benefit and what the defendant did with, or in consequence of, the information so received. It is unnecessary to deal with the adjective "due" in the phrase "due proof," and, as the policy did not require written proof, the familiar rule of construction of insurance policies requires that we hold, in the circumstances to be referred to, that the defendant cannot complain because the proof was oral.

On the life policy, to which the liability provision was attached as a rider, was printed the following instruction: "In the event of death of the Insured, the Claimant should promptly advise the Home Office, in New York, or the District Office through which premium payments have been made." The policy was written in an

office in Bayonne, N. J., maintained by or on behalf of the defendant. The district manager of that office until June, 1926, was a Mr. Goff;[1] the assistant manager was named Gleich; an agent named Lakoff sold the policy to the plaintiff. Lakoff testified that in 1926 plaintiff's wife told him that her husband "was very, very ill, and that he had a disease that was going to incapacitate him for apparently a long time; he had sleeping sickness." She asked, " 'Is there anything that we can do because of the policy that you wrote for him?' She said that it had something in there that in the event of disability, that we will be able to take care of it. That is the way she expressed it. . . . I said that the policy had a disability clause in it. I would see what can be done." He testified that he presented the subject to the assistant manager of the Bayonne Office, who "subsequently told me that . . . he did not think that there was a disability. We both talked to Mr. Goff [district manager] at the Bayonne Office. He said at that time that apparently there was not a disability as far as the policy was concerned. . . . No specific instructions were given me to tell Mrs. Astrin that there was no disability. I was simply told that there would be no disability claim; it wasn't one which we could properly file. . . . Q. Did you communicate with Mrs. Astrin? A. Yes. Q. What, if anything, did you say to her? A. I told Mrs. Astrin that we were unable, from the standpoint of the people who told me this, that they could not file it with the company—they have not considered taking the claim or filing it with the company." The plaintiff himself testified that in 1926, Gleich, the assistant manager, came to plaintiff's house, where he had a conversation with him: "Q. Can you tell us what it was? A. I told him I had a disability, I am entitled to get disability. Q. What did they tell you? A. They told me I wasn't sick enough."

---

[1] This admission is made in Appellee's Brief, page 15.

It will first be noted that defendant's local agents rejected the claim as not compensable, but they found no fault with the manner in which the proof was presented nor with its substance; they rejected the claim on the ground that plaintiff's disability was not covered by the policy. If the defendant desired more formal or more detailed proof, it was its duty so to inform the plaintiff instead of denying liability on other grounds. In such circumstances our cases require that the proof must be treated as sufficient: *Arlotte v. National Liberty Ins. Co.*, 312 Pa. 442, 445, 167 A. 295; *Janney v. Scranton Life Ins. Co.*, 315 Pa. 200, 207, 173 A. 819; *Stonsz v. Equitable Life Assur. Soc.*, 324 Pa. 97, 109, 187 A. 403; *Amrovcik v. Metropolitan Life Ins. Co.*, 119 Pa. Superior Ct. 176, 184, 180 A. 727. The same rule prevails in New Jersey, where the policy was delivered and where the proof was made.[2] *Ciccone v. Colonial Life Ins. Co.*, 110 N. J. L. 276, 164 A. 444 (1933); *Record Holding Co. v. New York Fire Ins. Co.*, 12 N. J. Misc. 687, 174 A. 161 (Sup. Ct. 1934). This rule is not affected by the provision depriving agents of authority to waive forfeiture or modify the terms of the contract: *Gough v. Halperin*, 306 Pa. 230, 234, 159 A. 447; *Rosenberg v. Maryland Casualty Co.*, 3 N. J. Misc. 1132, 130 A. 726 (Sup. Ct. 1925), affirmed 162 N. J. L. 724, 132 A. 923 (1926). Whether the plaintiff at the trial can establish disability within the terms of the policy is another question. The term "due proof" in the policy did not require, as a condition precedent to recovery, a showing such as would be necessary to make out a prima facie case at the trial.

The effect of plaintiff's apparent acceptance of the rejection of the claim and the consequent payment of premiums which would otherwise have been abated, is

---

[2] The sufficiency of the proof is governed by the law of the place of performance: Restatement, Conflicts (1934), §§ 358, 359, 361; and judicial notice of the law of New Jersey may be taken: Act of May 4, 1939, P. L. 42, 28 PS § 291.

settled by the recent decision of *Sebastianelli v. Prudential Ins. Co.*, 337 Pa. 466, 12 A. 2d 113 (1940), in which it appeared that, on the rejection of his claim, the plaintiff continued to pay premiums for three and one-half years and thereafter sued to receive disability payments for that period[3] and also to recover back the premiums paid. It was held that the right to recover for disability was not destroyed by the payment of premiums after the claim was rejected; it was also held, for the reasons stated by Mr. Justice STERN at page 470, that plaintiff could not recover back the premiums.

The judgment is reversed and a new trial is granted.

---

[3] The period of time, while not mentioned in the report, has been taken from the original record.