## Coleman v. Conrad et al.

*Daniel J. Flood* and *James L. Brown*, for petitioners.
*Frank P. Lenahan* and *John Keeney*, contra.

PINOLA, J., February 9, 1950.—The bill in this case having been dismissed at the request of plaintiff, we have before us defendants' reinstated petition asking that plaintiff be required to pay their costs and expenses, including a reasonable counsel fee under section 17 of the Labor Anti-Injunction Act of June 2, 1937, P. L. 1198.

On October 30, 1948, plaintiff filed a bill seeking to enjoin defendants from picketing at his motion picture theatre at 34 East Main Street, in the Borough of Plymouth. A rule was granted to show cause why the injunction should not issue, and by decision rendered January 20, 1949, it was denied.

On December 14, 1948, defendants filed preliminary objections to the bill which were dismissed by the court on March 24, 1949, and they were then given 20 days within which to answer. On April 6, 1949, they filed an answer containing new matter. By decision entered February 1, 1950, we held that plaintiff was entitled

to treat the alleged new matter as superfluous and was not obliged to answer it.

Plaintiff, having sold the theatre involved in the proceedings, no longer had need of the relief prayed for, and thereupon asked that his bill be dismissed. That was done subject to the payment of costs by plaintiff.

Section 17 of the Labor Anti-Injunction Act provides:

"Upon denial by the court of any injunctive relief sought in an action involving or growing out of a labor dispute, the court shall order the complainant to pay reasonable costs and expenses of defending the suit and a reasonable counsel fee."

### Questions Involved

(a) Is the voluntary dismissal of the bill by plaintiff in effect a denial of injunctive relief sought?

(b) Does this action involve or grow out of a labor dispute?

### Discussion

Equity Rule 14 provides:

"Any party may discontinue his suit, as of course, so far as relates to his claim or counterclaim, at any time prior to the trial; and thereafter, before findings of fact and law have been made and filed of record, by leave of court on cause shown. . . ."

Since testimony had been taken on the rule for a preliminary injunction, the allowance of the withdrawal was one of sound discretion for the court: Adam Hat Stores, Inc., v. Lefco, 317 Pa. 442.

As we read section 17 above, defendants are entitled to costs, expenses and counsel fees only upon "denial . . . of any injunctive relief sought".

Therefore, the question immediately arises: "Is the voluntary dismissal of the bill res judicata?"

Under Equity Rule 66:

"If the judge . . . upon the close of plaintiff's evidence, shall be of opinion that the case made in the bill has not been sustained, he shall have power, without hearing evidence on behalf of defendant, to enter a decree of dismissal which shall have the effect of a nonsuit at law."

In Sauber v. Nouskajian et ux., 286 Pa. 449, the court said (p. 453):

"Since the original bill was dismissed under circumstances such as stated in the first sentence of the above rule, and no exceptions were filed to the decree of dismissal, the action of the court below had the effect only of a nonsuit at common law; hence it did not make the issues in any sense res judicata or prevent the filing of another bill . . . and it was error to dismiss the second bill on the ground of res judicata."

A discontinuance or voluntary dismissal should have the same effect.

In Wallace's Estate, 316 Pa. 148, the court declared (p. 153):

"Broadly stated, the rule of res judicata is that when a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered, until reversed, is, forever and under all circumstances, final and conclusive as between the parties to the suit and their privies, in respect to every fact which might properly be considered in reaching a judicial determination of the controversy, and in respect to all points of law there adjudged, as those points relate directly to the cause of action in litigation and affect the fund or other subject-matter then before the court."

Under this definition the voluntary dismissal of the suit is not res judicata. If plaintiff had not sold the theatre and chose to discontinue the suit, or have the bill dismissed voluntarily, there would be nothing to bar him from bringing a second suit as no ultimate and controlling issues were decided in the prior proceeding.

There has been no decision on plaintiff's cause on its merits, no issues whatsoever have been decided, and certainly the court has not denied any injunctive relief sought.

In view of this conclusion it is not necessary for us to decide the second question.

Since by a previous order we directed the payment of costs by plaintiff, we enter the following

*Order*

Now, February 9, 1950, the petition of defendants for an order upon plaintiff to pay expenses and counsel fees, is denied.