## RADIO CORP. OF AMERICA v. R. C. A. RUBBER CO.

### Civ. No. 26232.

United States District Court,
N. D. Ohio, E. D.
June 3, 1953.

Dwight Parsons, L. M. Buckingham, Akron, Ohio, for plaintiff.

Robert Guinther, Slabaugh, Guinther & Pflueger, Akron, Ohio, Bates, Teare & McBean, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

The parties being familiar with the facts so recently heard, it will be sufficient to set down only my views, findings and conclusions in memorandum form.

Plaintiff seeks to enjoin defendant from using the name R. C. A. Rubber Company, or any other name so closely resembling plaintiff's trade mark, and trade name "RCA", that there is likelihood the public will be deceived or confused as to the origin, source or sponsorship of the defendant and its products; and prays for such other equitable relief as may be proper.

Defendant admits the use of the letters R. C. A. as a part of its corporate name and, as the proofs show, use otherwise, independent of the corporate name. Defend-

ant denies that it has competed unfairly with the plaintiff or made any use of the letters R. C. A. not relating to rubber products, and only in such manner as it was entitled. Defendant further asserts estoppel against the plaintiff for its failure to make timely and effective objection to the defendant's use of the letters and by its long inaction has permitted defendant to enjoy increasing and profitable business, acquired by large expenditures in plant, equipment, extension and advertising; that now to enjoin the use of its corporate name and the letters R. C. A. in the manner in which it has been using them would result in irreparable injury.

There is no doubt that, beginning in 1922, the plaintiff has spent extensive and increasing concerted effort and vast sums of money in publicizing and popularizing its name and products, by the use of the letters RCA and its trade mark consisting of those letters in a circle. I think, and find, that the prior consistent nationwide use made of the letters RCA independent of its full corporate name, gave it a secondary meaning to that extent and in that respect. To appraise the full extent of the relief sought by the plaintiff, we are required to determine whether any corporate body may adopt a distinctive name or a group of letters, which may be permitted to pre-empt the use of such name or letters against use by others, regardless of the product sought to be made or distributed in the avenues of trade; whether such name or letters may be retained exclusively for whatever use, now or in the future, the first user may decide upon. Modern legal thought and judicial trends are definitely opposed to such monopolistic claims. It is my judgment that the plaintiff cannot thus pre-empt the use of the letters RCA forever, for all purposes, on the theory that it may some day, under the broad terms of its Delaware charter, engage in the manufacture, sale or distribution of rubber goods like the defendant's, or those of any other producer.

These parties are engaged in wholly unrelated enterprises,—one is somewhat international in its scope, the other not yet widely engaged beyond the borders of the States east of the Mississippi. They are in wholly different fields; they come into competition at no point; there does not seem to be any instance of the defendant's articles of manufacture being taken or mistaken for those of the plaintiff, as such.

Strictly speaking, we are not dealing with unfair competition, in the usual sense of that term; it is a question of an unfair business or trade practice by which the plaintiff's trade name is asserted to be subjected to use by the defendant in such a way as to create in the mind of the public, the probability that the plaintiff in some way sponsors, or is connected with the defendant company, or supplies the products manufactured and distributed by the defendant.

While reasonable probability of injury or detriment generally is required as an element of offending use, current well-reasoned authorities frown upon the apparent effort to reap some benefit from the well-known trade name and good reputation of an established business, that is, obtaining a sort of "free ride", even where the products are unrelated and no specific injury or detriment is shown.

Although it does not appear that as of today the goods and articles manufactured and sold by the defendant, have been or could be in competition with any goods or articles offered to the public by Radio Corporation, or that any of defendant's articles manufactured and sold by it have been or could be mistaken for those of the plaintiff, yet there are other factors entering into the inquiry as to whether the use of an established trade name by another not engaged in a related business, may be found to be engaged in unfair business trade or competition to the probable detriment of the owner of the trade name.

It is not the mere use of the letters by the defendant which establishes the unfair practice; it is the manner in which the letters are consistently used that condemns the practice as unfair. One cannot fail to be influenced with the character of defendant's advertising as an ingenious means of creating the impression that defendant's products in some way relate to the plaintiff

company. The potential injury to the trade of another, or the likelihood of confusion or mistake in the products of two unrelated manufacturers, is not the only equitable consideration. The larger and determining factor or issue is whether the use made of the other's established trade name is calculated to, and probably will, create in the public mind the belief that the two are related and in that regard carry potential injury. This, in my view, could and would be unfair business trade, or practice, or competition (if you adhere to the fetish of a term) which would call for suppression by injunctive relief.

Despite the defendant's protestation and oral testimony to the effect that there was no concern for, and no intention of, capitalizing on plaintiff's established trade name, nevertheless, the use made of the letters R. C. A. by the defendant, without the name of the Company, or without the corporate name in a prominent position, and with the letters R. C. A. contained within a diamond-shaped figure, lends considerable support to the plaintiff's charge that the defendant's use of the letters was designed to convey the impression to the public that the plaintiff was in some way sponsoring, or connected with, the defendant and its products.

■ The fact that the defendant's advertising and public were in a comparatively limited field or area compared to those of the plaintiff, is not of controlling force.

In the sense that the defendant's use of the letters R. C. A. is designed to promote its products, the public well could be misled into believing that the plaintiff was back of the defendant's products or in some way responsible for them.

■ While I find no fraudulent intention to deceive the plaintiff or the public in the original use of the letters R. C. A. in its corporate name, and while I think it may have been a coincidence, as Mr. Crisp testified, that the first letter of the names of the three important members of the organization, in the order of their importance, were thought by him to be desirable to be used for the corporate name, yet it hardly can be denied that he, Mr. Crisp, was conscious of the potential value of the letter

sequence as a corporate, as well as a trade name. It would tax credulity to believe otherwise. However, except for fraud or intentional deception in adopting, or making use of some features of, the trade name of another, I think the thought or the hope that the second user might gain some benefit, is not enough to sustain injunctive relief.

So long as the second user of a trade name, or of some form or feature of it, does not appropriate or use it or them in such a way as to confuse the public respecting the products or their source, to the probable injury or detriment of the first user and owner of the trade name, I can find no support or reason for complete suppression of the second use.

When the evidence is fairly considered, it is reasonable to conclude that the use made of the letters R. C. A. by defendant, apart and separate from its corporate name, was something more than merely a natural development from their original use. My judgment is that this use of the letters R. C. A. by the defendant, with increasing effectiveness in recent years and up to now, particularly the last five or six years, separate from and independent of inclusion in its corporate name, was calculated and designed to obtain the advantage and the benefit of the good name and nation-wide reputation of the plaintiff. This use seems to have been the basis of plaintiff's principal protest and complaint.

■ While it is true that the plaintiff has been quite tardy and deliberate in making any vigorous protest, or in taking effective action, nevertheless, the potentialities of the more extensive use of the plaintiff's trade name only became more obvious and disquieting in recent years. Acquiescence by silence may sometimes be inferred, and estoppel result, even where the seeming inconsequential expands into the consequential. But here I think the wrongful use of the plaintiff's trade name did not reach pronounced infringing character until a comparatively recent date, as evidenced by the advertising material with the letters R. C. A. set out apart from the corporate name.

■ Although there never was consent by the plaintiff, there was silence and seeming acquiescence for an intervening period of approximately ten years, and until the defendant sharply expanded and extended following the war. While I think the plaintiff's delay in taking effective action should not result in complete denial of relief, yet consequences arising from the passage of time, resulting to the advantage of the defendant, which are entitled to consideration, justify and require something short of what, under more alert and vigorous circumstances, might have called for full relief.

These advantages and considerations are the development of the defendant's business and goodwill over the period of the plaintiff's inaction. In these circumstances, I cannot adopt the plaintiff's view that equitable considerations require destroying the defendant's business by depriving it of its corporate name.

■ It is my judgment that plaintiff's failure over the years to take effective action against the use of the letters of its trade name does not entitle it to injunctive relief as to the use of the letters R. C. A. as a part of the corporate name of the defendant, but that the plaintiff is entitled to relief against the continuing use of the letters R. C. A. apart and separate from the corporate name of the defendant.

Finding and concluding as I do in the foregoing memorandum and giving effect to equitable considerations which I deem proper to be taken into account in proceedings of this nature, and under the circumstances of this case, the defendant will be enjoined from using the letters R. C. A. alone, or as a symbol bounded by lines; from using the letters R. C. A. except as part of the corporate name of the defendant, and then only in letters of the same size, type and character as the rest of the corporate name, and with a period after each letter, as they appear in its Articles of Incorporation. The defendant will be required in all of its printed matter, circulars, and any other advertising, to have printed under its corporate name, in prominent letters, the words "An Ohio Corporation of Akron, Ohio".

An order may be entered accordingly.

Adequate support for the foregoing views and decision will be found, I believe, in the list of cases attached.

This memorandum will be considered as compliance with Rule 52(a).

*The Right of Injunctive Relief:*

American Steel Foundries v. Robertson, 1926, 269 U.S. 372, 46 S.Ct. 160, 70 L.Ed. 317; Kellogg Co. v. National Biscuit Co., 1938, 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73; Vogue Co. v. Thompson-Hudson Co., 6 Cir., 1924, 300 F. 509; Wisconsin Electric Co. v. Dumore Co., 6 Cir., 1929, 35 F.2d 555; American Fork & Hoe Co. v. Stampit Corp., 6 Cir., 1942, 125 F.2d 472, 473; Socony-Vacuum Oil Co. v. Oil City Refiners, 6 Cir., 1943, 136 F.2d 470; Yellow Cab Transit Co. v. Louisville Taxicab & Transfer Co., 6 Cir., 1945, 147 F.2d 407; Aunt Jemima Mills Co. v. Rigney & Co., 2 Cir., 1917, 247 F. 407, L.R.A.1918C, 1039; S. C. Johnson & Son v. Johnson, 2 Cir., 1940, 116 F.2d 427; S. C. Johnson & Son v. Johnson, 2 Cir., 1949, 175 F.2d 176; Federal Telephone & Radio Corp. v. Federal Television Corp., 2 Cir., 1950, 180 F. 2d 250; Hyde Park Clothes, Inc. v. Hyde Park Fashions, Inc., 2 Cir., 1953, 204 F.2d 223; Hyde Park Clothes, Inc. v. Hyde Park Fashions, Inc., D.C.S.D.N.Y., 1951, 93 U.S. P.Q. 250; Benrose Fabrics Corp. v. Rosenstein, 7 Cir., 1950, 183 F.2d 355; American Gold Star Mothers, Inc., v. National Gold Star Mothers, Inc., 1951, 89 U.S.App.D.C. 269, 191 F.2d 488, 27 A.L.R.2d 948; Stein Cloak Co. v. S. B. Stein & Son, Inc., 1937, 58 Ohio App. 377, 16 N.E.2d 609; Cloverleaf Restaurants, Inc. v. Lenihan, 1946, 79 Ohio App. 493, 72 N.E.2d 761; Henry Furnace Co. v. Kappelman, 1952, 91 Ohio App. 451, 108 N.E.2d 839.

*The Defense of Laches and Estoppel:*

McLean v. Fleming, 1877, 96 U.S. 245, 24 L.Ed. 828; Menendez v. Holt, 1888, 128 U.S. 514, 9 S.Ct. 143, 32 L.Ed. 526; Saxlehner v. Eisner & Mendelson Co., 1900, 179 U.S. 19, 21 S.Ct. 7, 45 L.Ed. 60; French Republic v. Saratoga Vichy Spring Co., 1903, 191 U.S. 427, 24 S.Ct. 145, 48 L.Ed. 247; Creswill v. Grand Lodge Knights of Pythias of Ga., 1912, 225 U.S. 246, 32 S.Ct.

822, 56 L.Ed. 1074; Ancient Egyptian Arabic Order of Nobles of the Mystic Shrine v. Michaux, 1929, 279 U.S. 737, 49 S.Ct. 485, 73 L.Ed. 931; Yale Electric Corp. v. Robertson, 2 Cir., 1928, 26 F.2d 972; Dwinell-Wright Co. v. White House Milk Co., 2 Cir., 1943, 132 F.2d 822; Proctor & Gamble Co. v. J. L. Prescott Co., 3 Cir., 1939, 102 F.2d 773; Adam Hat Stores, Inc., v. Lefco, 3 Cir., 1943, 134 F.2d 101; Anheuser-Busch v. Du Bois Brewing Co., 3 Cir., 1949, 175 F.2d 370; Greyhound Corp. v. Rothman, D.C.D.Md., 1949, 84 F.Supp. 233.

*The Character and Form of Injunctive Relief:*

Herring-Hall-Marvin Safe Co. v. Hall's Safe Co., 1908, 208 U.S. 554, 28 S.Ct. 350, 52 L.Ed. 616; L. E. Waterman Co. v. Modern Pen Co., 1914, 235 U.S. 88, 35 S.Ct. 91, 59 L.Ed. 142; S. C. Johnson & Son v. Johnson, 2 Cir., 1940, 116 F.2d 427; National Distillers Products Corp. v. K. Taylor Distilling Co., D.C.E.D.Ky., 1940, 31 F. Supp. 611; National Tuberculosis Assoc. v. Summit County Tuberculosis & Health Ass'n, D.C.N.D.E.D.Ohio 1952, Civil No. 29518.