## Ueberroth *versus* Riegel and Brother.

1. An order was: "Please give the bearer, Henry Fink, the goods which he will select, not exceeding over five hundred and fifty dollars, on my account." *Held*, not to be an agreement or establishing a contract until assent was given for the delivery of the goods, and it did not require a stamp.
2. Goods having been delivered to Fink on the order, the drawer was liable as principal, not as guarantor.
3. That the goods were charged to Fink was evidence that they had been delivered to him primarily on his own responsibility, but not conclusive.

March 18th 1872. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lehigh county:* No. 82, to July Term 1870.

This was an action of assumpsit by John Riegel and Stephen Riegel, trading as Riegel & Brother, against Jacob J. Ueberroth. The writ was issued December 17th 1868.

The cause was tried, April 18th 1870, before Longaker, P. J.

The plaintiffs, under objection that the paper was not stamped, and exception, gave in evidence this paper:—

"Friedensville, Dec. 15th 1865.

"Riegel & Bro.

"Sirs: Please give the bearer, Henry Fink, the goods which he will select, not exceeding over five hundred and fifty dollars, on my account.

J. J. UEBERROTH."

[*Ueberroth v. Riegel.*]

They gave evidence by a clerk in their store that in December 1865, they had delivered goods to the amount of $587.50 to Fink on the foregoing order, and had charged them on their books to Fink.

The defendant gave evidence that the debt could have been collected from Fink during nine months after the delivery of the goods.

The defendant's 4th point, which was answered in the negative, was as follows:—

If the charge of goods to Henry Fink satisfy the jury that plaintiffs accepted Fink as the principal debtor and Ueberroth as guaranteeing payment, the defendant, if liable at all, can only be liable as guarantor upon notice of acceptance, and after the exercising of due diligence in collecting of Fink.

The court instructed the jury also: "that the defendant, by the written paper, was a surety, and therefore the only question of fact is, were the goods delivered."

The verdict was for the plaintiffs for $690.25.

On removing the record to the Supreme Court the defendant assigned for error, the admission of the order in evidence, the charge of the court, and denying the defendant's point.

*C. J. Erdman,* for plaintiff in error.

*R. E. Wright, Jr.* (with whom was *R. E. Wright*), for defendants in error.

The opinion of the court was delivered, October 17th 1872, by

WILLIAMS, J.—The written order on which the goods in this case were delivered, is not such an instrument as requires a stamp to render it admissible in evidence under the provisions of the Stamp Act. It does not come within the description of any of the instruments, specifically mentioned in the schedule, upon which a stamp duty is imposed, and therefore it is not subject to a stamp tax unless it is taxable as an "agreement or contract not otherwise specified" therein. But it is clear that it is not an agreement or contract within the meaning of this provision of the statute. It is simply an order or request to deliver on the writer's account such goods to the bearer as he might select, not exceeding the specified amount. It contains no promise or engagement whatever, and *per se* it establishes no contract relation between the parties. No such relation was constituted between them, nor could it be, until the plaintiff's assent to it by the delivery of the goods as requested. The obligation of the defendant to pay for the goods does not arise out of an express promise to pay, but from a promise implied in law. The order, then, is not a complete contract in itself, and it was not offered in evidence as such. It is only a link in the

[Ueberroth *v.* Riegel.]

chain of evidence to establish a contract; and without the oral evidence to supply the other links of the chain, showing the acceptance of the order by the delivery of the goods, no obligation or contract would arise or be established between the parties. It is manifest that the "agreement or contract not otherwise specified" in the schedule, and made subject to a tax of five cents, is, and was intended to be, a contract creating an obligation, or showing a liability on its face, and complete in itself by the assent of the parties thereto. The order in question is wanting in these essential elements, and therefore is not such an agreement or contract as requires a stamp to make it admissible in evidence under the statute, even if its provisions are obligatory, as a rule of evidence, on the state courts.

If the goods were delivered to Fink on the defendant's order, it seems to us that he was liable for them, not as surety or guarantor, but as principal debtor. The fact that the goods were charged to Fink is evidence that they were delivered to him primarily on his own responsibility, but it is not conclusive. They may have been charged to him to denote the plaintiffs' intention to hold him responsible for them in case of the defendant's failure to pay for them. But be this as it may, the testimony of the entry clerk was direct and positive that they were delivered on the defendant's order. Whether the goods were delivered to Fink on his order or not, is a question which the court submitted to the jury, for so we interpret the brief note of the charge contained in the record, and so the jury must have understood it. There was no denial or question of the actual delivery of the goods to Fink. The only question was, whether they were delivered to him on the defendant's order; and the court instructed the jury in substance that if they were, then he was liable to them as surety. But if he was not liable for them as surety, he was clearly liable for them as principal debtor, and the error, if one, did the defendant no harm. In no aspect of the case can his liability be regarded as that of a mere guarantor. The jury having found that the goods were delivered to Fink on the defendant's order, he is clearly liable for their price, and there is no such error in the charge as calls for a reversal of the judgment. It must therefore be affirmed.

Judgment affirmed.