## Peter Adams Paper Company *v.* Cassard, Appellant.

| 206 | 179 |
| s208 | 268 |
| 209 | ¹487 |

| 206 | 179 |
| 37SC | ² 95 |

*Husband and wife—Powers of married woman.*

In Pennsylvania every restriction imposed by the common law upon the capacity of a married woman to contract has been removed except in two cases; she cannot become accommodation indorser, maker or guarantor or surety for another; she cannot without her husband joins convey or mortgage her real estate.

*Husband and wife—Principal and surety—Conflict of laws—Affidavit of defense.*

Where a statement of claim and an affidavit of defense show that the contract upon which suit was brought was made constructively at least, in New York, and that it was a contract of suretyship by a wife for her husband's debt, and there is nothing to show what was the law of New York on the subject, the court will assume the wife's disability in New York the same as in Pennsylvania, and will discharge a rule for judgment for want of a sufficient affidavit of defense.

Argued Jan. 9, 1903. Appeal, No. 207, Jan. T., 1902, by defendant, from order of C. P. No. 5, Phila. Co., March T., 1902, No. 3505, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Peter Adams Paper Company v. Linda R. Cassard. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Assumpsit on a contract of suretyship.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment, for want of a sufficient affidavit of defense.

*Franklin Swayne*, for appellant.

*Charles F. Stilz* and *Humbert B. Powell*, for appellee.

OPINION BY MR. JUSTICE DEAN, May 18, 1903:

Plaintiff brought this suit against defendant to recover $3,077.76 which amount was an indebtedness of her husband, Henry L. Cassard, for which she had become surety. The husband had purchased for himself from the paper company certain quantities of paper on credit. Before shipping the paper the wife delivered to the company this writing:

"September 9th, 1898.

"PETER ADAMS PAPER COMPANY,

"New York City.

"Gentlemen: In consideration of your selling your paper to Harry L. Cassard, I agree to be responsible for all paper sold to him to the extent of three thousand dollars, the guarantee to continue until notice to the contrary.

"Yours very truly,

"LINDA R. CASSARD.

"Lindamore, Charles St. Ave., Baltimore, Md."

After receipt of this writing plaintiff delivered paper to the husband and charged the same to him on its books, the account running to December 1, 1899, at which date the wife wrote to the company offering to pay $322.26 cash on the account and for the balance to give eleven notes jointly with her husband, each payable one month after date. She did pay the cash but the notes were never given.

This suit was then brought against the wife, this defendant, for the balance. The statement avers that the said contract was duly received and accepted in New York and that the paper was furnished the husband; that defendant gave no notice withdrawing from her contract of suretyship; that plaintiff sold to the husband relying on the contract of the surety; that afterwards in New York she made the payment of $322.26 in cash and promised to deliver the notes before referred to, which promise she wholly failed to keep.

The defendant made affidavit of defense, averring, that she is a citizen of Pennsylvania residing in Philadelphia with her husband; that the letter creating the suretyship was written by her husband and signed by her at his request; that no part of the indebtedness was hers but was wholly the husband's and that this was well known to the plaintiff when it received the writing; that the wife received no value whatever in consideration of the contract. Thereupon, plaintiff took a rule for judgment for want of a sufficient affidavit of defense. Afterwards upon hearing, the court below made the rule absolute and we have this appeal by defendant.

It is very clear that if this contract had been made in Pennsylvania the wife would not have been bound because of contractual incapacity. By our act of 1848 and the many acts since, every restriction imposed by the common law upon the capacity of a feme covert to contract has been removed except in two cases: 1. She cannot become accommodation indorser, maker or guarantor or surety for another. 2. She cannot without her husband joins, convey or mortgage her real estate. The act of 1893, the latest act on the subject, relieving the wife from contractual disability, expressly make these two exceptions. These exceptions have been fully sustained by this court, in Patrick v. Smith, 165 Pa. 526, and in Wiltbank v. Tobler, 181 Pa. 103. Both hold that under the act in the two instances noted, the married woman in the first has no power whatever to contract, and in the second she has no power unless in the express mode pointed out by the act of assembly.

But it is evident from the record that this contract, at least constructively, was made in New York; its enforcement only is sought in the courts of Pennsylvania. The general rule is, "that the validity of a contract is to be determined by the law of the state in which it is made, and not by the law of the state in which it is sought to be enforced." What then is the statute of New York as to the power of a married woman to contract? No power more unrestricted than that of Pennsylvania is averred in the statement; she avers her coverture; her disability is at once established. A statute exempting her from the disability must be averred; on hearing of the rule to show cause, the court could then peruse it and determine, but without the averment it could not do even this at this stage of

the case. It may be this contract is entirely good in New York, the place where it was made; if so the plaintiff must aver and prove it, otherwise the court will presume the wife's disability is the same in New York as here. We do not determine the extent of this married woman's liability in either fact or law, we only decide that on a suit in Pennsylvania there was not sufficient on this record for the court below to determine it on a rule for judgment for want of a sufficient affidavit of defense.

We think the affidavit of defense was sufficient as against the statement filed. The judgment is therefore reversed, that such further proceedings may be had in the court below as to right and justice appertain.