## Hood v. Lower Merion Building & Loan Association, Appellant.

*Affidavit of defense—Practice, C. P.—Set-off—Rent—Married woman.*

In an action of assumpsit an affidavit of defense is sufficient which avers, in order to establish a set-off, that the plaintiff was a married woman, that her husband had absconded and was living in another state, that for a period of months stated, plaintiff had used and occupied a house which the defendant had bought in foreclosure proceedings against plaintiff's husband; that the rental claimed was a reasonable one according to rents paid for similar adjoining houses, that plaintiff had paid a portion of said rentals, but that the remainder was still due, and that defendant was entitled to set it off as against plaintiff's claim.

8    HOOD *v.* BLDG. & LOAN ASSN., Appellant.

Statement of Facts—Opinion of the Court.    [42 Pa. Superior Ct.

Argued Oct. 19, 1909. Appeal, No. 82, Oct. T., 1909, by defendant, from order of C. P. No. 2, Phila. Co., Sept. T., 1908, No. 2,104, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Hannah E. Hood v. Lower Merion Building & Loan Association. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, BEAVER and PORTER, JJ. Reversed.

Assumpsit to recover the withdrawal value of two shares of the defendant's stock.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*William P. Landis* and *Chas. L. Lockwood,* for appellant, cited: Peter Adams Paper Co. v. Cassard, 206 Pa. 179.

*William MacLean, Jr.,* for appellee, cited: Bardsley's App., 20 W. N. C. 90; Marseilles v. Kerr, 6 Whart. 500; Brolasky v. Ferguson, 48 Pa. 434; Marlatt v. Marlatt, 4 Pa. 91.

OPINION BY MORRISON, J., March 3, 1910:

In this action of assumpsit a rule was granted for judgment for want of a sufficient affidavit of defense, and on March 24, 1909, the rule was made absolute and judgment entered in favor of plaintiff for $463.50. Hence, this appeal.

For present purposes it will be assumed that the declaration shows a prima facie right in the plaintiff to recover $339.36 and interest, being the withdrawal value of two shares of the capital joint stock of the defendant corporation. This declaration called for an affidavit of defense which was filed on January 8, 1909, and on February 17, 1909, with leave of court, a supplemental affidavit of defense was filed. These affidavits taken together attempted to set up two separate defenses, but on account of lack of precision in their averments as to the first defense that the stock did not belong to the plaintiff but to her husband, Walter W. Hood, that defense is abandoned

in the argument of this appeal. The question then arises as to the sufficiency of the second defense, to wit:

"The defendant is also entitled to claim, and does claim a set-off against the plaintiff in the amount of five hundred and seventy-six dollars ($576), being a debt due and owing by the plaintiff to the defendant for the use and occupation of the dwelling house No. 6107 Market street, Philadelphia, from July 1, 1904, to December 1, 1907. During that time the plaintiff occupied the said premises, which belonged to the defendant, and which were worth at a reasonable valuation, according to the rents paid for similar adjoining houses, eighteen dollars ($18) per month. She occupied the said property for forty-one months and thereby became liable for the sum of seven hundred and thirty-eight dollars ($738), on account of which she made a number of payments, amounting altogether to one hundred and sixty-two dollars ($162), leaving a balance due and owing by the plaintiff to the defendant for the use and occupation of said property, five hundred and seventy-six dollars ($576).

" All of which the defendant corporation will be able to prove in this case."

The following is quoted from the supplemental affidavit:—

"The said Walter W. Hood, who was conveyancer and solicitor of the defendant company, absconded from Pennsylvania in October, 1902, and abandoned his wife, who is the plaintiff in this case. The said Hood is still absent from Pennsylvania, and ever since his departure his wife has remained in Pennsylvania.

"In April, 1904, the defendant association, in court of Common Pleas No. 5 of Philadelphia County, of March Term, 1904, No. 2800, commenced a suit to foreclose a mortgage held by the association, and given by said Walter W. Hood, upon the premises No. 6107 Market street, Philadelphia, mentioned in the affidavit of defense. While the proceedings were pending the plaintiff went into possession of the property, and continued to use and occupy the same during the period stated in the affidavit of defense.

"On April 11th, 1904, after a Sheriff's sale of the property

under the said foreclosure proceeding, the Sheriff of Philadelphia conveyed the property to the defendant association by deed recorded in Sheriff's Deed Book, No. 214, page 309.

"During all this time, to the best of the knowledge and belief of this deponent, the said Walter W. Hood was absent from Pennsylvania, and the plaintiff, in using and occupying the said property, did so in her own individual right. All of which is true, and the defendant will be able to prove the same upon the trial of the case."

That the facts stated in the above affidavits of defense are sufficient to carry the defendant's alleged set-off to a jury hardly seems to require argument. The affidavit of defense avers that the dwelling house, No. 6107 Market street, was owned by the defendant and that the plaintiff occupied it from July 1, 1904, to December 1, 1907, and that a reasonable rental for it during that term was $18.00 per month. The affidavit then liquidates the amount of rent due as $738 and avers that the plaintiff recognized the defendant's right to rent by making a number of payments thereon, amounting to $162, leaving a balance due and owing by the plaintiff of $576. It further appears from the supplemental affidavit, with reasonable certainty, that the said premises, No. 6107, belonged to the plaintiff's husband, Walter W. Hood; that he mortgaged the same to the defendant corporation and absconded from Pennsylvania in October, 1902, and abandoned his wife, who is the plaintiff in this case. The affidavit further avers a foreclosure of said mortgage and a sheriff's deed on April 11, 1904, conveying the mortgaged premises to the defendant corporation. This averment shows title in the defendant during all the time for which rent is claimed from the plaintiff. The affidavit further avers that in using and occupying the said property plaintiff did so in her own individual right. In our opinion, these averments are sufficient to carry the case to a jury. It is argued for the appellee that there is nothing to show that the plaintiff did not make the payments of rent as agent for her husband, and with money furnished by him. But it is averred that she was abandoned by her husband, that he absconded from the state and remained

away and that she occupied the premises in her own right and made the several payments herself. It would hardly have been possible for the defendant to have ascertained and averred where the plaintiff procured the money with which she paid a portion of the rent. . The person making the affidavit could hardly swear that the money was not furnished by the husband. But under the facts averred it is sufficiently stated that the wife made the payments, and this is a strong averment that she was occupying the premises under the defendant corporation.

In Peter Adams Paper Co. v. Cassard, 206 Pa. 179, it is held as stated in the syllabus: "In Pennsylvania every restriction imposed by the common law upon the capacity of a married woman to contract has been removed except in two cases; she cannot become accommodation endorser, maker or guarantor or surety for another; she cannot without her husband joins convey or mortgage her real estate."

The assignments of error are sustained and the judgment is reversed with a procedendo.