United Factors Corporation *v.* Mogul, Appellant.

Argued October 17, 1940.

Before KELLER, P. J., CUNNINGHAM, BALD-

RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Herbert L. Floum,* with him *Herman Weiner,* for appellant.

*Walter Schachtel,* of *Einhorn & Schachtel,* for appellee.

OPINION BY STADTFELD, J., December 18, 1940:

This is an action in assumpsit which came before BLUETT, J., in the court below, on a rule for judgment for want of a sufficient affidavit of defense and new matter. In addition to the pleadings, the court below had before it a notice served upon counsel for the defendant, notifying him of plaintiff's intention to present evidence of the law of the State of New York pertaining to the issues and to request the court to take judicial notice of the common law and statutes of the State of New York.

According to the statement of claim, the plaintiff is engaged in the business of factoring commercial accounts, inter alia, the accounts of Concord Fabrics. On December 2, 1939, defendant, Thelma Mogul, residing in and doing business in various locations in the City of Philadelphia under the registered or fictitious style of "Ritzi Shoppes", and desiring to enable one G. Mogul to obtain merchandise from Concord Fabrics, through

the plaintiff, addressed a written communication in Philadelphia to the plaintiff at New York, authorizing the plaintiff to sell to G. Mogul up to fourteen hundred dollars and charge same to the defendant. This letter was received by the plaintiff in New York and credit given in reliance thereon in New York. The same is in form following: "December 2, 1939. United Factors Corporation, 1412 Broadway, New York, N. Y. Attn. Mr. Zonis. Gentlemen: As per your request, this letter is sent authorizing you to sell to G. Mogul, up to the sum of $1400 (fourteen hundred dollars) and charge same to us. It is definitely understood that this letter voids any previous ones that we may have sent you and that the amount is not to exceed $1400 (fourteen hundred dollars). Please return our previous letters as per our conversation of recent date. Very truly yours, /s/ Thelma Mogul."

Pursuant thereto, G. Mogul, made certain purchases to the amount of $821.13, and the merchandise was shipped from New York to Philadelphia. The account was carried on the books as the account of Thelma Mogul, and, upon demand being made for payment thereof, she contended in her affidavit of defense, that her authorization of December 2, 1939, was a letter of guaranty or suretyship and that as a married woman (Mrs. Barsky) she was not obliged to honor it. There being no denial of the execution and transmittal of the letter of December 2, 1939, the shipment of the goods from New York to Philadelphia, receipt thereof and the amount involved, plaintiff filed a rule for judgment for want of a sufficient affidavit of defense and new matter, which rule was made absolute on July 2, 1940. This appeal followed.

The first paragraph of the letter in question states: "This letter is sent authorizing you to sell to G. Mogul up to the sum of $1400 (fourteen hundred dollars) *and charge same to us.*" That the contract was an original undertaking upon the part of the defendant and not

a contract of guaranty or surety is clear from the express language. The words "charge same to us" reasonably manifest an intention to assume an original undertaking at the time of the signing of the letter. That plaintiff so understood the words used, is evidenced by the copies of the charges in the books of original entry which indicate that the charges were made directly to Thelma Mogul in all instances.

The language adopted by the parties in the instant case has been held by the Supreme Court of this State to constitute a principal obligation: *Ueberroth v. Riegel & Brother*, 71 Pa. 280. To the same effect is the statement in the Law of Suretyship by A. A. Stearns, 4th Edition (1934), at p. 42: "If A requests another to ship goods to B or perform service for B and charge to himself, and if the goods are shipped or the service performed upon the credit of A, it is not a suretyship contract and need not be in writing, because the necessary element of a co-existing liability of another being wanting there is no suretyship relation."

This principle is supported by the law of the State of New York which is, on this proposition, in accord with the decisions of the courts of this Commonwealth. *Grolein v. O'Neil*, 2 N. Y. Super. Ct. 474; *Flanders v. Crolius*, 8 N. Y. Super. Ct. 206; *McCaffil v. Radcliff*, 26 N. Y. Super. Ct. 445.

Aside from the interpretation of the defendant's letter, there is no substantial disagreement concerning the facts of the case. As appears from its face, the letter of December 2, 1939, was transmitted from the defendant, Thelma Mogul, in Philadelphia, to the plaintiff, United Factors Corporation, in New York, N. Y. Credit was given thereon in New York City and the specified merchandise was shipped from New York City to Philadelphia. These facts as well as the amount are admitted as alleged in the plaintiff's statement of claim, and by the defendant's affidavit of defense.

Paragraph five of the statement of claim avers that

the contract was received and accepted in New York. Not having been sufficiently denied in the affidavit of defense, this averment must be accepted as a fact. The contract, therefore, must be regarded as having been completed in New York and subject to the New York law. Hence, even if the agreement between the parties were one of suretyship or guaranty, yet it would be subject to the law of New York in this respect which provides in effect in Section 51 of Article IV of the Domestic Relations Law, Laws 1909, Chapter 19 of the State of New York, that a married woman may make contracts, carry on business, exercise all powers pertaining thereto and be liable on such contracts as if she were unmarried.

Quoting from the opinion in *Peter Adams Paper Co. v. Cassard*, 206 Pa. 179, 55 A. 949, p. 181: "But it is evident from the record that this contract, at least constructively, was made in New York; its enforcement only is sought in Pennsylvania. The general rule is, 'that the validity of a contract is to be determined by the law of the state in which it is made, and not by the law of the state in which it is sought to be enforced.' ......" To same effect see *Hartley Silk Mfg. Co. v. Berg*, 48 Pa. Superior Ct. 419, 425, quoting from the opinion: ...... The letters of the defendant upon which the plaintiff found its claim were sent from Philadelphia to the plaintiff in New York by mail and this amounted to the same thing, in substance, as if the defendant had personally gone to New York and handed them to the plaintiff. In other words, said offers were actually made in New York City where the plaintiff received the letters and when the goods were shipped the contract became complete as a New York contract." The defendant, by sending the letter to New York, must have intended that the contract should have its conception in that state and be governed by its laws.

The court below properly took judicial notice of the laws of the state of New York. Lack of uniformity in

procedure and substantive laws of the several states pertaining to the presentation and determination of the common law and statutes of sister states led to the drafting of the Uniform Judicial Notice of Foreign Law Act, enacted in Pennsylvania in 1939. This Act of 1939, May 4, P. L. 42, No. 36, 28 PS 291 et seq., is brief and the pertinent sections follow: "Section 1. Judicial Notice.—Every court of this State shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States.

"Section 2. Information of the Court.—The Court may inform itself of such laws in such manner as it may deem proper, and the court may call upon counsel to aid it in obtaining such information.

"Section 3. Ruling Reviewable.—The determination of such laws shall be made by the court and not by the jury, and shall be reviewable.

"Section 4. Evidence as to Laws of Other Jurisdictions.—Any party may also present to the trial court any admissible evidence of such laws; but to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties, either in the pleadings or otherwise."

It appeared at the argument before us and was not denied, that at the argument on the motion for judgment in the court below, notice had been served upon counsel for appellant that plaintiff appellee would ask the court below to take judicial notice and receive evidence of the law of the State of New York pertaining to the liability of a married woman on a contract of guaranty or suretyship.

We see no error in the action of the court below in making absolute the rule for judgment.

Judgment affirmed.