REVLETT *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY.

[No. 17,108. Filed November 4, 1943. Rehearing denied December 2, 1943.]

*John H. Jennings,* of Evansville, for appellant.

*Phelps F. Darby,* of Evansville, for appellee.

ROYSE, C. J.—Appellant brought this action to recover damages for personal injuries sustained when an automobile in which he was riding as a guest collided with a train passing over appellee's crossing at Cloverport, Kentucky.

The error assigned here is that the trial court erred in sustaining appellee's demurrer to the second paragraph of complaint. Appellee assigns as cross-error the overruling by the trial court of its motion to make said paragraph of complaint more specific.

The second paragraph of complaint, in substance, alleges that appellee, a common carrier, owned and operated a steam railroad line running through the town of Cloverport, Kentucky, and also extending to and passing through the county of Vanderburgh, Indiana; that on or about the 21st day of October, 1940, a certain public highway running north and south, very heavily traveled at all hours of the day and night, crossed another public highway running east and west within the corporate limits of the town of Cloverport, with the railroad tracks of appellee Company running along, over and upon this latter highway at the place where same crosses the highway running north and south, this crossing being commonly referred to as the Houston Street Railroad Crossing; that this crossing was located on a sharp, sudden, abrupt turn or bend in the highway, making the crossing extremely dangerous and hazardous; that because of said dangerous crossing appellee had maintained and operated for many years at said crossing an automatic electrically controlled gong or bell and an automatic electrically

operated wig-wag red flashing light or signal, which gong and signal, upon the approach of a train within a few thousand feet of said crossing, could be heard and seen for several thousand feet in all directions and said gong would continue sounding until the train had completely passed over, across and beyond said crossing, and simultaneously while said gong was sounding said red-colored wig-wag signal light would flash constantly and continuously; that even on a dark foggy night said red flashing wig-wag signal was visible for several hundred feet when properly working.

Appellant further alleged that at about 4:00 a. m. on October 21, 1940, while an invited guest and without having any control over the automobile in which he was riding, the driver of said automobile proceeded toward said railroad crossing; that the night was extremely dark but said driver and appellant were each familiar with said crossing and were particularly acquainted with the fact that there was stationed at the crossing said automatic gong and signal and that same had been maintained there for many years, but they were not familiar with the fact that same was out of repair and not working on this particular night; that as they approached the crossing they were each at all times keeping a look-out for said crossing and said signals and for any trains that might be approaching and passing over said crossing; that as they were beginning to go around the above mentioned curve or bend south of the crossing they ran into a heavy fog; that the driver of said automobile was driving in a careful and prudent manner and appellant was likewise at all times acting in a careful and prudent manner and said automobile approached said crossing at a moderate rate of speed, but because of the very unusual combination of circumstances herein set out neither he

nor said driver were able to discover or see a line of freight cars passing over and upon said railroad tracks at said crossing in time to avoid striking same; that all of said cars were of a dark color with no light or signal of any kind and were not visible on said dark and foggy night and the engine of said train had passed beyond said crossing out of sight; that said automobile ran into said cut of cars and appellant sustained the injuries complained of for which judgment is demanded from appellee in the sum of $25,000.

It is further alleged that appellee was negligent and careless in permitting said automatic gong to get out of and remain out of repair so that said gong did not sound any alarm at said time, and that it was negligent and careless in permitting said wig-wag flashing signal to get out of and remain out of repair so that it did not signal in any manner at said time; that each of said signals did not work for more than a week prior to the time of said accident, which appellee well knew, and failed to provide any signal of any type of the approach of said train or of its passing over and across said crossing.

It is further alleged that at the time and place of the above described collision "the law applicable to the facts hereinabove set forth was the law of the Commonwealth of Kentucky and said law at said time and place was and is as follows: That a railroad company is liable in damages to an automobilist injured as the result of an automobile in which he is riding striking a train while said train is in the act of passing over its railroad crossing upon a dark, foggy night and where the said automobilist relied upon the custom of the railroad company in giving signal by stationary gong and wig-wag flash at said crossing, and where said company negligently and carelessly, with knowl-

edge thereof, suffered and permitted said gong and wig-wag signal to get out of and remain out of repair so that same did not operate at the time of the collision and where said railroad company did not give any signal of the approach or the fact that a train was using said crossing."

Appellee's demurrer to the complaint averred that said second paragraph of complaint does not state facts sufficient to constitute a cause of action against appellee. The memorandum supporting this demurrer contains twelve specifications which, in substance, aver the law of the State of Kentucky is not well pleaded and therefore the decisions of this State apply, and that under such decisions the complaint shows on its face that appellant was guilty of contributory negligence.

It is agreed by the parties hereto that the law of Kentucky is applicable to the instant case. The principal question presented is whether or not appellant's complaint sufficiently pleads such law. This involves a construction of §§ 2-4801-4807, Burns' 1933 (Supp.), Acts 1937, p. 703, §§ 1-7, commonly known as the "Uniform Judicial Notice of Foreign Law Act," the pertinent sections of which are as follows:

Section 1. "Every court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States."

Section 2. "The court may inform itself of such laws in such manner as it may deem proper, and the court may call upon counsel to aid it in obtaining such information."

Section 3. "The determination of such laws shall be made by the court and not by the jury, and shall be reviewable."

Section 4. "Any party may also present to the trial court any admissible evidence of such laws,

but, to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties either in the pleadings or otherwise."

Do the averments in appellant's complaint as to the law of Kentucky give appellee the reasonable notice required by § 4 of the act? To answer this question it is necessary that we determine the intent of the Legislature in enacting this statute. Prior to its enactment, when a litigant in this State invoked the law of a foreign state it was necessary that the law relied upon be specifically pleaded and offered in evidence, because then the question of the law of another state was considered a matter of fact. *Tyler* v. *Kent* (1876), 52 Ind. 583; *Knotts* v. *Clark Construction Company* (1921), 191 Ind. 354, 131 N. E. 921, 132 N. E. 678; *Swarthout et al.* v. *McDonald Mortgage and Realty Company* (1936), 102 Ind. App. 298, 199 N. E. 467. In our opinion this has been completely changed by the enactment of the Uniform Judicial Notice of Foreign Law Act, *supra*. Section 3 of this Act has made the determination of such question a question of law and not of fact. See Commissioners' Note to this section in 9 Uniform Laws Annotated, p. 272.

We are of the further opinion that section 4 of the act was intended to relieve one seeking to invoke a foreign law of the necessity of pleading such law, as was required under the old practice. It appears to us that all now required is that one relying upon a foreign law need merely call attention in the manner provided by the statute of his intent so to do. *United Factors Corporation* v. *Mogul* (1940),

142 Pa. Super. 506, 16 A. (2d) 735. When this is done it becomes the duty of the court to determine the law and in doing this it may call upon counsel to aid it. Section 2-4802, *supra*.

We are of the opinion that the averments in appellant's complaint gave to appellee reasonable notice of his intention to invoke the law of the State of Kentucky. The complaint did not show on its face that the appellant was guilty of contributory negligence. *Louisville & Nashville Railroad Company* v. *Charles S. Mahoney and Forest Mahoney* (1927), 220 Ky. 30, 294 S. W. 777. The trial court, therefore, erred in sustaining appellee's demurrer.

For the reasons hereinabove set out, we hold the trial court did not err in overruling appellee's motion to require appellant to make his complaint more specific.

Judgment of the Superior Court of Vanderburgh County is reversed and remanded with instructions to overrule the demurrer of appellee.

NOTE.—Reported in 51 N. E. (2d) 95.

### ON PETITION FOR REHEARING.

ROYSE, P. J.—Appellee, in its petition for a rehearing, asserts that our opinion is in conflict with the interpretation given to the Uniform Judicial Notice of Foreign Law Act of our Supreme Court in the case of *Fardy et al.* v. *Mayerstein* (1943), 221 Ind. 339, 47 N. E. (2d) 315, 47 N. E. (2d) 966. We are of the opinion that our decision in the instant case is in complete harmony with the holding of the Supreme Court in the last mentioned case. In that case the Supreme Court said that the act "requires that one asking that judicial notice be taken of foreign law must give reasonable notice 'to the adverse parties either in the pleadings or otherwise,'" and then the court says, in reference

to the case they are there deciding: "There is no such notice shown in the record."

In the case at bar the record shows there was what we believe to have been a reasonable notice of the intention of appellant to invoke the law of the State of Kentucky.

The case of *Prudential Insurance Co. of America* v. *Shumaker* (1940), 178 Md. 189, 12 A. (2d) 618, can have no effect on the ruling in this case because, as pointed out in that opinion, like the opinion in the *Fardy* case, *supra*, there was no notice of any kind. given by the party relying on the foreign law.

We believe our construction of the act on the facts in the instant case are in accord with the intent sought to be accomplished by the act. Therefore, the petition for rehearing is denied.

NOTE.—Reported in 51 N. E. (2d) 500.