Minnick et al. v. Scheffy

*Calvin F. Smith*, for plaintiffs.
*A. Albert Gross*, for defendant.

BARTHOLD, P. J., August 9, 1948.—Plaintiffs Daniel A. Minnick and Grace M. Minnick, his wife, instituted an action in trespass against defendant Rose H. Scheffy, to recover damages sustained as the result of serious injuries received by wife-plaintiff in Alabama while riding in an automobile owned and operated by defendant.

The complaint discloses that plaintiffs and defendant are residents of the City of Easton, County of Northampton and State of Pennsylvania, and contains the following averments descriptive of the accident and the negligence upon which the action is grounded:

"4. That on or about, to wit, November 4, 1946, Grace M. Minnick, one of above-named plaintiffs, and Rose H. Scheffy orally agreed that Rose H. Scheffy would transport Grace M. Minnick from the City of Easton on a motor vehicle trip to Baton Rouge, La., where Grace M. Minnick and defendant Rose H. Scheffy proposed to attend the wedding of defendant's stepson, in consideration of the companionship of Grace M. Minnick and the mutual benefit and pleasure of Grace M. Minnick and defendant.

"5. That on November 16, 1946, one of the plaintiffs, Grace M. Minnick, left the City of Easton in an automobile owned and operated by defendant, to make the trip as agreed upon orally between Grace M. Minnick, one of the plaintiffs, and defendant.

"6. That during the course of the said trip on November 18, 1946, on the Eutaw improved highway leading from Birmingham in the State of Alabama, to Meridian, Miss., at a point or place near the City of Tuscaloosa, defendant Rose H. Scheffy unlawfully, recklessly and negligently operated said motor vehicle by failing to supply ordinary safe equipment and parts to the said vehicle, by failing to inspect the equipment and parts from time to time and by driving at a very high and excessive rate of speed while the tires with which the motor vehicle was equipped were old, defective, worn out and made of synthetic rubber.

"7. That at the aforesaid time and place defendant negligently, carelessly, recklessly and unlawfully, and without exercising ordinary care, drove the motor vehicle in which defendant was transporting Grace M. Minnick, at a very high and excessive rate of speed with old, worn-out and synthetic tires with which the automobile was equipped, so that the tires on the right-hand side of the automobile had a blow-out, causing the automobile to swerve and leave the improved and travelled portion of the road and then overturn and roll down the side of an embankment. . . .

"9. That defendant as aforesaid unlawfully, negligently and recklessly operated said motor vehicle, at the time and place of the accident, in the following particulars, to wit:

"(a) In having the motor vehicle in which defendant and Grace M. Minnick, one of plaintiffs, were riding, respectively as operator and passenger, equipped with old, defective, much-used and synthetic rubber and worn-out tires and without having the same inspected from time to time.

"(b) By operating the said motor vehicle equipped with old, worn-out, defective, synthetic rubber, at a high and excessive rate of speed greater than was reasonable, proper and lawful under the circumstances.

"(c) By operating the said motor vehicle out of control in a dangerous and reckless manner.

"10. That the blow-out was the result of the condition, type and quality of the tires and the excessive rate of speed to which the tires were subjected at the time of the accident."

The remaining paragraphs of the complaint describe in detail the injuries sustained, the hospitalization and medical attention required, and the damages claimed.

Defendant filed preliminary objections in the nature of a demurrer, alleging that "The complaint fails to set forth that plaintiffs or either of them have a cause of action under the laws of the State of Alabama", and requesting that judgment be entered for defendant. The reasons assigned in support of the motion are that the complaint discloses that the injuries were suffered by wife-plaintiff in Alabama while she was being transported as a guest of defendant, and that the action is grounded upon negligence merely and not upon "willful or wanton misconduct", which latter type of misconduct is made a prerequisite to recovery under the Guest Statute of the State of Alabama.

The Alabama statute is quoted in the preliminary objections and reads as follows:

"The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle. (1935, P. 918), (Section 95, Title 36, Code of Alabama, 1940)."

Defendant contends that under the provisions of the Uniform Judicial Notice of Foreign Law Act of May 4, 1939, P. L. 42, 28 PS §§292, 297, the court is required to take judicial notice of Alabama law. Plaintiffs contend that the Uniform Act has no application

to proceedings prior to trial and that if a contrary view is taken defendant is presently without the right to invoke the doctrine of judicial notice because defendant has failed to give the requisite statutory notice of intention to rely upon the law of the State of Alabama. Plaintiffs further contend that plaintiffs have set forth a good cause of action even if the court does take judicial notice of the law of Alabama.

Prior to the adoption of the Uniform Act the courts of Pennsylvania held that the law of another State is not a matter of judicial notice and also that the law of another State is a matter of fact for the jury and like any other fact must be pleaded and proved.[1]

The aforementioned common-law rules of evidence and pleading have gradually fallen into disfavor in view of the availability of the printed State statutes and reports of sister-States. The necessity for statutory modification was recognized and Pennsylvania, along with a number of other States, passed the Uniform Act recommended by the National Conference of Commissioners on Uniform State Laws.

Section 1 of the Uniform Act declares, "Every court of this State shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States." Section 3 provides that, "The determination of such laws shall be made by the court and not by the jury, and shall be reviewable." These sections repeal the common-law rule that the law of another State is not a matter of judicial notice but a matter of fact which must be pleaded and

---

[1] Ripple et al. v. Ripple et al., 1 Rawle 385; Tenant et al. v. Tenant, Admr., etc., 110 Pa. 478; Spellier Electric Time Co. v. Geiger, 147 Pa. 399; Peter Adams Paper Company v. Cassard, 206 Pa. 179, 181; American Alkali Company, to use, v. Huhn, 209 Pa. 238; Cape May Real Estate Company v. Henderson, 231 Pa. 82; Hall v. West Jersey & Seashore R. R. Co., 241 Pa. 399, 401, 402; Baughman's Estate, 281 Pa. 23; Smith, Admr., v. Pennsylvania Railroad, 304 Pa. 294, 297; Bank of America National Trust and Savings Assn. v. Sunseri et al., 311 Pa. 114, 119; Sumner et ux. v. Brown, Executrix, 312 Pa. 124, 127; Craver's Estate, 319 Pa. 282.

proved, and also repeal the common-law rule which left the determination of the law of other States to the jury. The determination of the law of other States is now a question of law which is always reviewable in the appellate courts.

The commissioners' note to section 3 of the Uniform Act is enlightening:

"This correction of the old common law rule, by making the foreign law determinable by the judge, not the jury, is a necessary corollary of assimilating sister-State law to forum law. It is the only reasonable and practical rule. Then at the end of this Section it is necessary to add that the finding of the judge 'shall be reviewable', because by the old common law, when the jury determined the foreign law, it was deemed a question of fact and therefore was not reviewable. Therefore, when we now make it a question of law for the Court, we add that it is reviewable like all other questions of law; we do this to avoid any doubt that the old rule remains of treating it as a question of fact and therefore not reviewable": Uniform Laws Annotated, vol. 9, p. 272.

Section 2 of the Uniform Act provides that: "The court may inform itself of such laws in such manner as it may deem proper, and the court may call upon counsel to aid it in obtaining such information." This section effects no change in the prior practice, for courts have always had the power under the doctrine of judicial notice to examine independently the source of information which is the subject of judicial notice and require the assistance of counsel in such search.

Section 4 of the Uniform Act provides that:

"Any party may also present to the trial court any admissible evidence of such laws; but to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties, either in the pleadings or otherwise."

The reasons for the inclusion of this section in the Uniform Act are set forth in the commissioners' note as follows:

"It is here provided that the party invoking the foreign law must give reasonable notice. There are strong reasons for it: In the first place, it is in analogy to the rule of pleading that if a foreign law is relied upon, it must be pleaded. This is now the law of several States. In such States the other party gets notice from the pleadings. But in the States where the pleading rule does not obtain, then if the Court may take judicial notice of such law, fairness requires that the opponent should be warned beforehand, so that he may prepare on that law. For example, if a plaintiff sued in Minnesota for damage done to freight by a railroad, and on the trial the plaintiff invokes the law of Illinois because the bill of lading was issued in Illinois, and if the plaintiff is ready with books of Illinois law, it is unfair to the opponent not to have given him notice that the Illinois law will be relied upon. This point is illustrated in the recent case of Corbett v. Terminal Ass'n, 1935, 336 Mo. 972, 82 S. W. 2d 97, 102, where the Supreme Court was interpreting their statute of 1927 (corresponding to Sec. 1 of the present Draft Act), and held that the defendant, relying upon an Illinois law, could not on appeal ask that judicial notice be taken because he had neither pleaded it, nor asked the Court below to notice it. The Massachusetts Supreme Court decided the same point in 1928, Lennon v. Cohen, 1928, 163 N. E. 63, 264 Mass. 414. And in the Rule of Court proposed in 1932 by the Massachusetts Judicial Council, it is expressly provided that 'it shall be the duty of counsel to call to the attention of the Court such authorities as they wish the Court to consider.' Thus, to avoid any doubt, it is prudent to insert this Sec. 4, which provides merely that reasonable notice must be given of intention to invoke it": Uniform Laws Annotated, vol. 9, p. 272.

In our opinion, section 4, supra, was intended to relieve one seeking to invoke the law of another State of the necessity of pleading such law as was required under the old practice: Revelett v. Louisville and N. R. Co., 114 Ind. App. 187, 51 N. E. (2d) 95; rehearing denied 51 N. E. (2d) 500. All that is now required is that one relying upon the law of another State must give reasonable notice of such intention *"either in the pleadings or otherwise"*: United Factors Corp. v. Mogul, 142 Pa. Superior Ct. 506. When this is done it becomes the duty of the court to determine the law and in doing so it may call upon counsel for assistance.

Some courts have construed statutes of this type to mean that the law of another State is the subject of judicial notice only when it is well pleaded and that such acts dispense with proof but not with pleading: Neff v. Sovereign Camp W. O. W., 226 Mo. App. 899, 48 S. W. (2d) 564; Watkins v. Watkins, 160 Tenn. 1, 22 S. W. (2d) 1. Other courts have reached the opposite conclusion: Loranger v. Nadeau, 215 Cal. 362, 10 P. (2d) 63; Tuttle v. Jockmus, 106 Conn. 683, 138 Atl. 804; Floyd v. Vicksburg Cooperage Co., 156 Miss. 567, 126 So. 395.

Relative to this divergence of opinion, Beale's Conflict of Laws, vol. 3, p. 1667, contains the following statement:

"In a few instances statutes of this type have been construed to mean that the foreign law is the subject of judicial notice only when it is well pleaded; but the opposite result has been reached, and this latter conclusion is clearly to be preferred. Otherwise the very purpose of the statute will often be defeated."

It would appear that the Pennsylvania courts will follow the construction favored by Professor Beale: See United Factors Corp. v. Mogul, supra; Astrin v. Metropolitan Life Ins. Co., 341 Pa. 120.

The Uniform Act does not set forth the form of notice to be given nor does it specify what shall con-

stitute reasonable notice. The court, therefore, must decide in each case whether or not reasonable notice has been given.

Was the requisite notice given in the instant case to enable the court to take judicial notice of the law of the State of Alabama?

Since the complaint itself discloses that the accident occurred in Alabama, the legal standard by which it is to be determined whether or not a cause of action is created is the law of that State.[2]

"It has now become axiomatic that substantive matters are governed by the foreign law, and that procedural matters, or, as it is more usually expressed, matters relating to the remedy are governed by the law of the forum": Vol. 3, Beale, Conflict of Laws 1600.

Patently, under the above Pennsylvania decisions the law of Alabama is material to the controversy. The court must take judicial notice of such Pennsylvania decisions apart from statute. The parties and the court are apprised of this situation by plaintiffs' complaint. There is therefore notice in plaintiffs' pleading that the law of Alabama will become a legal issue at the trial. As a matter of fact, under the above decisions it must become an issue. We are, therefore, of the opinion that the court must take judicial notice of the laws of the State of Alabama and that it can do so at this stage of the proceedings and need not await the trial of the case: United Factors Corp. v. Mogul, supra. In the last cited case the question of judicial notice came before the court upon a rule for judgment for want of a sufficient affidavit of defense. At the argument on the rule in the court below notice had been served upon counsel for defendant that plaintiffs would ask the court to take judicial notice and receive evi-

[2] Sudol et ux. v. Gorga, 346 Pa. 463, 465; see also Dickinson v. Jones, 309 Pa. 256; Mike et al. v. Lian, 322 Pa. 353; Mackey v. Robertson, 328 Pa. 504, 506; Randall et vir v. Stager et al., 355 Pa. 352, 354; A. L. I. Restatement of the Law of Conflict of Laws, §§379, 384 (2), 391.

dence of the law of the State of New York pertaining to the liability of a married woman on a contract of guaranty or suretyship. The Superior Court held that the court below properly took judicial notice of the laws of the State of New York and affirmed the action of the court below in making absolute the rule for judgment.

In the case at bar we do not have the type of specific notice given in the case of United Factors Corp. v. Mogul, supra, but we do have notice at the very inception of the proceedings through plaintiffs' complaint, that the accident occurred in Alabama. This allegation under the law of Pennsylvania at once requires us to look to the law of Alabama to determine whether or not a right of action exists. Furthermore, there is the additional notice of the statutory law of Alabama contained in defendant's preliminary objections. Assuredly, in this situation, plaintiffs cannot disavow knowledge of defendant's intent to rely upon the Alabama statute in defense of the action, particularly in view of the fact that the sole purpose of defendant's demurrer is to defeat plaintiffs' cause of action by having the court apply the provisions of the Alabama statute. Section 4 of the Uniform Act, supra, requires reasonable notice *"in the pleadings or otherwise"*. (Italics supplied.) The complaint and the preliminary objections are pleadings under Pennsylvania R. C. P. 1017. It is our considered judgment that in these circumstances the Uniform Act requires no further notice in order to enable the court to take judicial notice of the law of the State of Alabama: Revelett v. Louisville and N. R. Co., supra.

One question remains for determination: Does the complaint set forth a cause of action under the laws of the State of Alabama?

In arriving at an answer to this question, every relevant fact sufficiently averred in the statement of claim, every inference fairly deducible therefrom, *and every*

*fact of which the court can take judicial notice,* must be accepted as true: Condel et al. v. Savo et ux., 350 Pa. 350; Lipschutz v. Lipschutz, 124 Pa. Superior Ct. 380. "A demurrer admits the truth of the relevant and material facts averred in the pleading demurred to; it does not admit their sufficiency nor does it admit irrelevant and immaterial matter pleaded, *nor the legal conclusions or inferences sought to be drawn from the facts*": Henzel et al. v. P. B. & L. Assn., 128 Pa. Superior Ct. 531, 532. (Italics supplied.) Mere averments or legal conclusions are not admitted by demurrer unless the facts and circumstances set forth are sufficient to sustain the allegation: Commonwealth ex rel. Duff v. Keenan et al., 347 Pa. 574.

Paragraph 4 of the complaint, supra, avers that Grace M. Minnick, one of the plaintiffs, and Rose H. Scheffy orally agreed that Rose H. Scheffy would transport Grace M. Minnick from the City of Easton on a motor vehicle trip to Baton Rouge, La., where Grace M. Minnick and Rose H. Scheffy proposed to attend the wedding of the stepson of Rose H. Scheffy. Paragraph 4 of the complaint, supra, further avers that the consideration for the agreement was the companionship of Grace M. Minnick *and the mutual benefit* and pleasure of Grace M. Minnick and Rose H. Scheffy.

The phrase "in consideration of . . . the mutual benefit . . . of Grace M. Minnick and defendant" is an unobjectionable conclusion if it is predicated upon the facts alleged in the prior portion of paragraph 4. If, however, it refers to other mutual benefit, the facts to support such other mutual benefit must be pleaded. We think it is incumbent upon plaintiffs to clarify the situation by averring specifically that the facts alleged in paragraph 4 constitute the mutual benefit conferred, or by averring other facts constituting mutual benefit, if the facts contained in paragraph 4 are not all of the facts relied upon to sustain the conclusion that a "mutual benefit" was conferred.

We point out further that plaintiffs appear to have grounded their action upon ordinary negligence, not wilful and wanton misconduct, although this is by no means certain. Cf. Slother v. Jaffe, 356 Pa. 238. The complaint should with more definiteness disclose whether or not plaintiffs are relying on ordinary negligence or wilful and wanton misconduct.

Defendant has asked that judgment be entered for defendant.

". . . , it may be stated generally that the Common Pleas Court should not enter a judgment against the plaintiff putting him out of court because of defects in his statement which can be cured by amendment without giving him opportunity to amend. . . . it (is) the duty of the court, in all cases wherein a better statement would set forth a good cause of action and can be furnished, to give the plaintiff opportunity to file such statement. In other words, it is only when it clearly appears from the statement of claim that the plaintiff is not entitled to recover or where there is no indication that he could state a good cause of action if permitted to amend that judgment should be entered on the demurrer without granting leave to amend. If it is evident that a better statement of the facts would show an enforceable claim, the court should sustain the demurrer and grant the plaintiff leave to file a further statement of claim within a limited time, or, on failure a judgment of non pros, should be entered": 4 Standard Pa. Practice, §69, pp. 83 and 84.

The Pennsylvania Procedural Rules carry forward the liberal policy of allowing amendments evidenced in the practice statutes. Rule 1017(b) (3) gives defendant the privilege of raising preliminarily the legal sufficiency of plaintiffs' cause of action.

"In the Committee Note it is stated that the 'demurrer replaces the affidavit of defense raising questions of law'. This leaves unchanged the prior practice with

respect to the permissible grounds for demurrer, the nature of the issues raised, the extent to which the demurrer searches the record, and the kind of judgment which the court may enter upon it:" Goodrich-Amram Civil Practice, p. 124; see also 4 Standard Pa. Practice, p. 70 et seq.; Pa. R. C. P. 1032(1).

The complaint does not clearly disclose that plaintiffs are without a cause of action. There are indications that plaintiffs can state a good cause of action if permitted to amend. We will, therefore, sustain the demurrer and grant plaintiffs leave to file an amended complaint.

### *Order*

And now, August 9, 1948, the preliminary objections are sustained with leave granted plaintiffs to file an amended complaint, in conformity with this opinion, within 20 days from date hereof, otherwise judgment of non pros is to be entered: United Mercantile Agencies v. Slotsky et al., 107 Pa. Superior Ct. 467, 472, 473.