**Robert S. BENHAM, as Receiver of Manufacturers and Wholesalers Indemnity Exchange, Plaintiff-Appellant,**

v.

**Reuben W. KELLER, a/k/a R.W. Keller, Defendant-Appellee.**

No. 58284.

Supreme Court of Oklahoma.

June 14, 1983.

As Corrected on Denial of Rehearing Nov. 21, 1983.

James M. Little, Ungerman, Conner & Little, Oklahoma City, for plaintiff-appellant.

Almon E. Henson, Henson, Henson & Henson, Shawnee, for defendant-appellee.

MEMORANDUM OPINION

OPALA, Justice:

## I

■ In his answer brief appellee moves to dismiss this appeal as not timely filed within 30 days of the date demurrer was sustained and judgment rendered for the defendant. His argument is that a motion for new trial, when addressed to an "order dismissing the action on sustaining a demurrer" to the petition, will not extend appeal time. We disagree and deny the motion on the authority of *Poafpybitty v. Skelly Oil Company*, Okl., 394 P.2d 515 [1964]. *Poafpybitty* holds that because under the 1963 amendment of 12 O.S.1961 § 651 error in determining an issue of law came to be placed in the same category as error occurring during the trial, a re-examination of an issue of law may now be secured by motion for new trial directed to an order which sustains a demurrer to the petition and terminates the action.[1]

## II

■ This suit was commenced on November 6, 1981. It seeks recovery of contingent liability assessments under a reciprocal insurance policy. Notice of these assessments—for the calendar years 1974 and 1975—was mailed "on April 15, 1977 and September, 1977."

No facts were alleged to indicate that this case is governed by some foreign statute of limitations. The insurer does not rely here on any disclosed nondomestic norm of law affording it a different time period for the commencement of this action from that prescribed in Oklahoma. See 12 O.S.1981, § 105. While no particular provisions of another state's law need be specifically set forth in a pleading—12 O.S.1981, §§ 308 and 2201(A)—the pleader must nonetheless allege facts sufficient to call upon the court for the application of some identifiable non-domestic legal system to an issue upon the merits of his claim or defense. *Cambre v. St. Paul Fire and Marine Ins. Co.*, 331 So.2d 585, 591 [La.App.1976]; *Johnson v. McCorvey*, 344 So.2d 448, 450 [La. App.1977]; *Succession of Shadrick*, 129 So.2d 606, 613 [La.App.1961]; *Revlett v. Louisville & N.R. Co.* [114 Ind.App. 187], 51 N.E.2d 95, 98 [Ind.1943]; *Strout v. Burgess* [144 Me. 263], 68 A.2d 241, 251, 12 A.L.R.2d 939 [Me.1949]. The insurer has failed to meet this requirement.

When no foreign law is invoked, the domestic law of Oklahoma will be deemed to govern. It is presumed that uninvoked foreign law, if applicable, is the same as that of this state.[2]

■ At the time material to this action Oklahoma *limited* the time within which contingent liability assessments could be levied by a reciprocal insurer. The terms of 36 O.S.1971 § 2924[3] provided that unless an order to show cause why a receiver should not be appointed for such an insurer is issued while the policy is in force or within one year after its termination, *notice* of intention to levy an assessment *must be given either while the policy is in force or within one (1) year after its termination.*

---

1. For further discussion of the amendment (12 O.S.Supp.1963 § 651) see *Stokes v. State*, Okl., 410 P.2d 59, 61 [1966]. *Motions for new trial which are authorized by law became optional rather than mandatory with the passage of 12 O.S.1981 § 991(a) in 1968.* Okla.Sess.Laws 1968, c. 395 § 1.

2. *C.I.T. Corp. v. Edwards*, Okl., 418 P.2d 685 [1966]; *Clester v. Estates of Heidt*, Okl., 353 P.2d 699 [1960]; *Allen v. Allen*, 201 Okl. 442, 209 P.2d 172 [1948], cert. denied, 336 U.S. 956, 69 S.Ct. 891, 93 L.Ed. 1110 [1949].

3. The terms of 36 O.S.1971 § 2924, repealed effective October 1, 1981 [Ch. 112, § 4, Okla. Sess.Laws 1981 at 190] were in force at all times material to the case before us. They provided:

"Every subscriber of a domestic reciprocal insurer having contingent liability shall be liable for and shall pay his share of any assessment, as computed and limited in accordance with this article, if:
1. While his policy is in force, or within one (1) year after its termination, he is notified by either the attorney or the Insurance Commissioner of his intentions to levy such assessment, or
2. If an order to show cause why a receiver, conservator, rehabilitator, or liquidator of the insurer should not be appointed is issued while his policy is in force or within one (1) year after its termination."

Here, there was no allegation that the § 2924(2) show cause order had in fact been issued within the time required by statute. The assessments for which recovery is sought were alleged to have been made by notice given more than one year after the end of 1975—the last year during which the policy was in force. Measured by the limits prescribed in § 2924(1) and (2), the assessments in suit clearly were untimely.

### III

The demurrer appears to have been sustained on the grounds that the action was barred by the five-year statute provided in 12 O.S.1981 § 95(1). The arguments of the parties are based on that theory. We need not address it. A correct judgment will be affirmed regardless of the trial court's reasons for its rendition.[4]

Judgment is accordingly affirmed.

BARNES, C.J., SIMMS, V.C.J. and IRWIN, HODGES, LAVENDER, HARGRAVE and WILSON, JJ., concur.

4. *Utica Nat. Bank and Trust v. Assoc. Prod.,* Okl., 622 P.2d 1061, 1066 [1981].